IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DONNIE RAY HAWKINS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 08-51-GMS |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In April 2005, the petitioner, Donnie Ray Hawkins, was convicted by a New Castle County jury of two counts of possession of a deadly weapon by a person prohibited, two counts of aggravated menacing, driving under the influence of alcohol, two counts of second degree unlawful imprisonment, third degree assault, disorderly conduct, driving after judgment prohibited, offensive touching, and child endangerment. *Hawkins v. State*, 2006 WL 1932668 at *1 n.1 (Del. 2006) (*Hawkins I*); (Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 25). Hawkins was subsequently sentenced, in June 2005, to more than 34 years imprisonment. (Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 41). The Delaware Supreme Court affirmed Hawkins's convictions on appeal. *See Hawkins I*, 2006 WL 1932668. The Delaware Supreme Court, in *Hawkins I*, described the circumstances of Hawkins's crimes and arrest:

1

> On November 3, 2004, Hawkins cursed at his wife, Carol Hawkins, ("Carol"), and hit her. At approximately 2:00 p.m. that day, Hawkins got out his pocketknife and held it to her, saying he was going to kill her and that she would not live through the day. Carol's daughter, Becky, returned home from school at approximately 3:30 p.m. to find her mother crying. Her mother told her not to talk to Hawkins and to run when she had the chance, but Becky refused to leave. Becky later explained that Hawkins was drunk and "acting mean."
>
> At approximately 6:10 p.m. Matthew Collins and Joe Littleton stopped at the home to ask about a car advertised for sale in front of it. Collins testified that he and Littleton entered the house after either Hawkins or Carol invited them in. When Hawkins turned his back to them, Carol and Becky screamed, "He has a knife. He is trying to kill us." Collins saw Hawkins make "a swinging motion to frighten them back," but did not see a knife. Collins testified that Hawkins then told them to "Get the fuck out!" to which Becky replied, "Don't leave us!" The two men left the home and called 911. As they were leaving, they saw Hawkins pulling Carol out of the house by her hair. Becky testified that before going out to the car, Hawkins threw Carol on the ground, punched her and kicked her. Hawkins then put his wife and stepdaughter in his truck and drove away.
>
> After the 911 call, the Delaware State Police intercepted Hawkins, Carol and Becky and arrested Hawkins. Trooper Justin Galloway testified at trial that Carol's lip was "busted open" and she was covered with scratches and defensive marks. "[Hawkins] grabbed her so hard that you could see the imprint of a human hand on her arm and already caused bruising from where he had been grabbing her, tugging on her." A blood alcohol test of Hawkins returned a reading of 0.190. Trooper Galloway explained that he searched Hawkins at the traffic scene but found no weapon. When Trooper Galloway returned to the Hawkins' residence there appeared to be a blood-like substance on the kitchen floor and it also appeared that someone had fallen. Trooper Aaron C. Blair testified that it was apparent that there had been a fight in the home. At the residence, Becky gave the State Police the knife Hawkins used.

2006 WL 1932668 at *1.

In September 2006, Hawkins filed a motion for postconviction relief, which was denied in August 2007. *State v. Hawkins*, 2007 WL 2296519 (Del. Super. 2007) (*Hawkins II*); (*See* Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 77, 120). The Delaware Supreme Court affirmed the Superior Court's denial of Hawkins's motion for

postconviction relief on appeal in January 2008. *See Hawkins v. State*, 2008 WL 187956 (Del. 2008) (*Hawkins III*).

**Discussion**

In his petition for federal habeas relief, Hawkins raises a single ground for relief: ineffective assistance of counsel.[1] Hawkins claims that his attorney, Carole Dunn, rendered constitutionally deficient representation by: a) not conducting a reasonable investigation; b) failing to consult with him and keep him informed of matters of legal strategy; and c) failing to object to the admission of inadmissible testimony. Because the Delaware Supreme Court ruled against Hawkins' first and third ineffectiveness claims on state procedural grounds, review of these claims is procedurally barred. Further, because the state supreme court's conclusion on Hawkins' sole remaining claim was not contrary to existing United States Supreme Court precedent, he is not entitled to relief. Accordingly, Hawkins' petition should be denied.

Because Hawkins's petition was filed in January 2008, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Hawkins's conviction became final on July 11, 2006. Thus, Hawkins's petition must have been filed by October 9, 2007 to be timely. *See* 28 U.S.C. §2244(d)(1). Hawkins's petition, dated January 21, 2008, was obviously filed

---

[1] Because Hawkins has neglected to file a memorandum in support of his federal habeas petition, Respondents will address his claims as they were raised in his state court pleadings. *See generally DeShields v. Snyder*, 829 F.Supp. 676, 678 n. 1 (D.Del;. 1993).

3

past the February 2006 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).[2]

The tolling mechanism of §2244(d)(2), however, saves Hawkins's petition from the running of the limitations period. When applicable, §2244(d)(2) tolls the one-year period of §2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Hawkins filed a motion for postconviction relief in September 2006. (*See* Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 77). Hawkins' filing of the motion for postconviction relief, and subsequent appeal from the denial thereof to the Delaware Supreme Court, tolled the running of the limitations period from September 2006 until January 7, 2008. Thus Hawkins' petition is timely.

A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to exhaust state remedies, Hawkins must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). In turn, the claim must have been fairly presented to the state's highest court. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted). Fair presentation requires that the claim be presented in a manner which permits the state's highest court to

---

[2] Hawkins does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable to any of Hawkins's claims.

4

consider the merits of the case. *See Castille,* 489 U.S. at 350; *Brown v. Allen,* 344 U.S. 443, 448-49 n. 3 (1953). Hawkins presented his ineffectiveness claims to the state supreme court in his appeal from Superior Court's dismissal of his motion for postconviction relief. *See Hawkins III*, 2008 WL 187956. Hawkins' claims, therefore, have been properly exhausted.

*Hawkins' first and third claims of ineffectiveness*

Review of Hawkins' first and third claims of ineffectiveness is precluded. Hawkins did not claim, in the motion for postconviction relief he filed with the Superior Court, that Dunn did not conduct a sufficient investigation and failed to object to inadmissible testimony. (*See* Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 77). Because of that failing, the Delaware Supreme Court refused to consider these claims on appeal from the Superior Court's order, citing Delaware Supreme Court Rule 8. *Hawkins III*, 2008 WL 187956 at *1. Delaware Supreme Court Rule 8 is an independent and adequate state ground precluding federal habeas review. *Campbell v. Carroll*, 2005 WL 2917466 at *8 (D. Del. 2005); *Harris v. Reed*, 489 U.S. 255 (1989). "By basing its rejection of [Hawkins'] claims on Rule 8, the Delaware Supreme Court was making a plain statement that its decision rested on state law grounds." *Campbell*, 2005 WL 2917466 at *8. Thus, federal habeas review is barred unless petitioner has shown cause for his procedural default and resulting prejudice. *Hubbard v. Carroll*, 2003 WL 277252 at *2 (D. Del. 2003) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Hawkins has made no such showing and, accordingly, he is not entitled to review on these claims.

*Hawkins' second claim of ineffectiveness*

Hawkins claims that Dunn was ineffective for not "communicat[ing] all legal pleadings and other area's [*sic*] of law with [Hawkins] to provide sufficient informative information for trial." (D.I. 1 at 8). Hawkins, however, is not entitled to federal habeas relief because he has not demonstrated that the Delaware courts' resolution of his particular claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the

state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

To prevail on a claim of ineffective assistance of counsel, Hawkins must establish that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991). The *Strickland* standard is "clearly established" for purposes of §2254(d). *Williams v. Taylor*, 529 U.S. 362, 391 (2000). A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: deficient performance and prejudice to the defense. *See Wells*, 941 F.2d at 259-60; *cf. Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996).

Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Thus, to sustain an ineffectiveness claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Strickland,* 466 U.S. at 693, 696; *Wells*, 941 F.2d at 259-60; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). "Where prejudice is lacking, the court need not determine whether the performance was subpar." *Marshall v. Hendricks*, 307 F.3d 36, 86 (3d Cir. 2002). Because Hawkins is unable to establish that the state courts' decisions were "contrary to" existing Supreme Court precedent, he is not entitled to relief.

7

"If [the court] determine[s] that the state court decision is not 'contrary to' the applicable Supreme Court precedent, then [the court is] required to advance to the second step in the analysis -- whether the state court decision was based on an 'unreasonable application of' Supreme Court precedent." *Werts*, 228 F.3d at 197. In performing this inquiry, the court is "not authorized to grant habeas corpus relief simply because [it] disagree[s] with the state court's decision or because [it] would have reached a different result if left to [its] own devices." *Werts*, 228 F.3d at 197. Instead, the state court's application of Supreme Court precedent must have "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Werts*, 228 F.3d at 197. And as with the inquiry under the "contrary to" prong of the statute, "in analyzing habeas claims for unreasonable application of the law, the Supreme Court has looked at its own baseline precedents through a sharply focused lens." *Fischetti v. Johnson*, 384 F.3d 140, 149 (3d Cir. 2004). The decisions of state and lower federal courts are relevant in assessing the reasonableness of the state court decision at issue, but "cases not decided by the Supreme Court do not serve as the legal benchmark against which to compare the state decision." *Fischetti*, 384 F.3d at 149.

The state courts' determination that Hawkins' claim that Dunn failed to communicate her trial strategy and involve him in his own defense was not contrary to, or an unreasonable application of, the holding of the Supreme Court of the United States in *Strickland*. Dunn, in an affidavit filed in response to Hawkins' motion for postconviction relief, detailed her trial preparation and coordination with Hawkins:

> In the course of planning and preparing for trial, affiant has documented numerous meetings, phone calls, and communications with this client about his case. I had an initial video meeting with Hawkins about his charges and case within twenty days of his arrest, on November

8

> 23, 2004, had four or five more meetings at SCI with him prior to trial plus meetings in court during two case reviews, answered phone calls, as availability in office allowed, and communicated by mail, transmitting case information multiple times. In the course of my representation, I accumulated a file of well over 320 pages of communications and documents sent to me by this client all of which I reviewed and incorporated, as deemed appropriate, into trial preparation.
> \*\*\*
> As regards "trial strategy," strategic and tactical decisions are within the purview of the trial attorney. However, Hawkins was very active and involved in providing potential witness information, and providing facts and background relevant to the State's witnesses and to the alleged incident that led to his charges.

(Del. Super. Ct. Crim. Dkt. No. 0411002216A, D.I. 88 at 10-11). The Delaware Superior Court, in *Hawkins II*, accepted Dunn's account of her interactions with Hawkins when it rejected Hawkins' claim. 2007 WL 2296519 at \*5. The state courts apparently found Dunn's recitation of events more credible than that offered by Hawkins and there is no indication that either the Delaware Superior Court or the Delaware Supreme Court erred in doing so. Hawkins, therefore, has failed to meet his burden in demonstrating that the result reached by the state courts was contrary to, or an unreasonable application of, *Strickland*. Accordingly, he is not entitled to federal habeas relief.

Conclusion

Based upon a review of the record, it appears that transcripts of Hawkins' evidentiary hearing, trial, office conference, and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

DATE: May 29, 2008

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on May 30, 2008, I will mail, by United States Postal Service, the same documents to the following non-registered participant:

Donnie R. Hawkins
SBI # 0095039
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date: May 29, 2008