In The United States District Court
For The District Of Delaware

Donnie Ray Hawkins,
     Petitioner,

vs.

Perry Phelps, Warden.,
and the Attorney General for the State
of Delaware, Joseph R. Biden III,
     Respondents

C.A. No. 08-51-GMS

FILED
JUL 31 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
(B) scanned

Petitioner's Reply Motion

Pursuant to Rule 4 of the Rules Governing Section 2254 Actions, 28 U.S.C. §§ 2254, in response to respondents answer to the instant petition for a writ of habeas corpus; the petitioner avers as following:

The respondents are correct as to petitioner prosecution and sentencing execution dates. In addition to first postconviction proceeding. However, the respondents tolling calculations subject to the petitioner under the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute is incorrect as a matter of law. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Lawrie v. Snyder, 9 F. Supp. 2d 428, 433 n.1 (D. Del. 1998); Dawson v. Snyder, 988 F. Supp. 783, 802-03 (D. Del. 1997).

---

1. However, petitioner has since presented his second postconviction under same, denied June 9, 2008. Due to lower court procedure bars 61(i)(2) & (i)(3), those claims will be presented hereafter.

## Discussion

Petitioner first post conviction raised five grounds for relief under ineffective assistance of counsel, (1) failure to adequately cross-examine state witnesses, (2) failure to subpoena key defense witness, (3) failure to have a trial strategy or consulting with her client, (4) failure to raise meritorious appeal claim on contaminated evidence, and (5) state's failure to preserve crucial evidence[2].

While the respondents hold that petitioner's first and third claims are precluded from this court's review under independent and adequate state ground. See Campbell v. Carroll, 2005 WL 2917466 at 8 (D.Del 2005). However, this is not so, having given the State's court one full opportunity to resolve the constitutional issues. This court is well-within its jurisdictional limits for review of all the petitioner's claims, including those raised in his second postconviction that are now deemed procedurally barred in state court by Super.Ct.Crim.Rules., Rules 61(i)(2),(i)(3), and (i)(4). See Castillo v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Moreover, under the "futility exception" to the exhaustion requirement, if state procedural rules on the exhaustion bar the applicant from seeking further relief on the unexhausted claims in state courts, the exhaustment requirement is than satisfied because there is "an absence of available State corrective process". 28 U.S.C. § 2254(b). See Coleman v. Thompson, 501 U.S. at 758, 111 S.Ct. 2546; Lines v. Larkins, 208 F.3d 153, 165-66 (3d Cir. 2000).

The respondents in this case cannot argue against petitioner's ineffective assistance of counsel grounds in any instance where the state's court failed to develope a factual basis for its decissions without adequate record. See Harris v. State, Del Supr., 292 A.2d 291 (1972) ("The question of ineffectiveness of counsel is extremely complex

---

2. Under rules of the court, petitioner is not dilatory in submitting a memorandum to support his writ requests. Given at this time the nature and preliminary stage of the proceedings, he is only required to give the respondents "fair notice" of his claims, in order to respond. See Fed Rule Civil Procedures, Rule 8(a)........

2.

factual determination, which in most cases requires an evidentiary hearing). In this case, none was held despite petitioner's trial counsel failure to answer to the lower court's order pursuant to Super. Ct. Crim. Rules, Rule 61(g)(2). Whereas, the petitioner herewith argues that the trial court abused its discretion by (a) failing to grant default of judgment in his favor, and (b) allowing the deputy attorney general to file an affidavit in Mrs. Dunn's stead[3]. The court's action certainly prejudice the petitioner in this case. This meet's the court's unreasonable application of clearly established federal law principle, by the State court's. See Terry Williams, 529 U.S. at 409, 120 S.Ct. 1495; Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Again, the respondents do not argue against the petitioner's grounds for relief, but is against the issue itself. It is well-settled that the two-pronged standards enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) governs ineffective assistance of counsel claims. See also Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) Thus, when a habeas court reviews claims de novo, it must do so without determining the merits of the claims with "special attention on the underlying state court decision. See Hermyn v. Horn, 266 F.3d 257, 300 (3d Cir. 2001). Accordingly, the court should proceed with its independent examination of the petitioner's claims in determining ineffective assistance of counsel under the Sixth Amendment. See Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(e)(1)

Dated: July 25, 2008

Donnie R. Hawkins
Donnie R. Hawkins #95039
Sussex Correctional Institution
Georgetown, Delaware 19947

---

3. This action was taken by the Court in petitioner second postconviction motion.

3.

## Certificate of Service

I, __Donnie R. Hawkins__, hereby certify that I have served a true and correct cop(ies) of the attached: __Petitioner's Reply Motion In Support of Petition for Writ Of Habeas Corpus, 28 USC [S] 2254__ upon the following parties/person (s):

TO: __James T. Wakley__
__Deputy Attorney General__
__Delaware Department of Justice__
__820 North French Street__
__Wilmington, De 19801__

TO: __Clerk of the Court__
__United States District Courthouse__
__844 North King Street__
__Lockbox 18__
__Wilmington, De 19801-3570__

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __25__ day of __July__, 2008

*__Donnie R. Hawkins__

TONY J COVINGTON
AMMN COVINGTON
322 HORSESHOE RD
SEAFORD, DE 19973-5019

Clerk of the Court
United States District Courthouse
844 North King Street
Lockbox 19
Wilmington, DE 19801

WILMINGTON DE 197
30 JUL 2008 PM 1 L